FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 28 2017

JAMES W. McCORMACK, CLERK
By: _____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
JONESBORO DIVISION

BLAKE LISCOMB                                                                               PLAINTIFFS

VS.                                   CASE NO: 3:17cv36-DPM

HENRY BOYCE, Individually and    This case assigned to District Judge Marshall
in his Official Capacity as a
Prosecutor                       and to Magistrate Judge _____ Harris         DEFENDANT

## COMPLAINT

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

## PARTIES AND JURISDICTION

1.   Plaintiff Blake Liscomb is a resident and citizen of the State of Arkansas, who worked for the Sheriff of Lawrence County, Arkansas as a canine officer. Henry Boyce is sued in official and individual capacity for violation of the FLSA and AMWA, abuse of process, and violation of Plaintiff's state and federal constitutional rights. All actions were taken under color of state law. Since Plaintiff lives in Lawrence County, venue is proper. This is an action brought for redress of deprivation of Plaintiffs' state and federal constitutional rights as allowed by the FLSA, the AMWA, 42 U.S.C. §1983 and the Arkansas Civil Rights Act of 1993. Venue is proper under 28 USC 1391(b). This Court has federal question jurisdiction under 28 USC 1331, as well as supplemental jurisdiction under 28 USC 1367.

## GENERAL ALLEGATIONS OF FACTS

2.   Plaintiff is a former employee of Lawrence County Sheriff's Office. He was employed as a canine officer from March of 2010 until August of 2013.

3.   At all times relevant, Plaintiff performed his jobs satisfactorily. Waldrop acknowledged that Plaintiff's job performance was acceptable. Yet he fired Plaintiff anyway, instead electing to keep deputies like Ray Swindoll, who has been convicted of a serious crime.

4.   While employed as a Deputy Sheriff, he was a canine officer. He was not paid for time spent caring for the dog.

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
FEB 28 2017
JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT
JONESBORO DIVISION

BLAKE LISCOMB                                                      PLAINTIFFS

VS.      CASE NO: 3:17cv36-DPM

HENRY BOYCE, Individually and    This case assigned to District Judge Marshall
in his Official Capacity as a
Prosecutor                       and to Magistrate Judge _____ Harris         DEFENDANT

## COMPLAINT

COMES THE PLAINTIFF, by and through Counsel and for his Complaint he states:

## PARTIES AND JURISDICTION

1. Plaintiff Blake Liscomb is a resident and citizen of the State of Arkansas, who worked for the Sheriff of Lawrence County, Arkansas as a canine officer. Henry Boyce is sued in official and individual capacity for violation of the FLSA and AMWA, abuse of process, and violation of Plaintiff's state and federal constitutional rights. All actions were taken under color of state law. Since Plaintiff lives in Lawrence County, venue is proper. This is an action brought for redress of deprivation of Plaintiffs' state and federal constitutional rights as allowed by the FLSA, the AMWA, 42 U.S.C. §1983 and the Arkansas Civil Rights Act of 1993. Venue is proper under 28 USC 1391(b). This Court has federal question jurisdiction under 28 USC 1331, as well as supplemental jurisdiction under 28 USC 1367.

## GENERAL ALLEGATIONS OF FACTS

2. Plaintiff is a former employee of Lawrence County Sheriff's Office. He was employed as a canine officer from March of 2010 until August of 2013.

3. At all times relevant, Plaintiff performed his jobs satisfactorily. Waldrop acknowledged that Plaintiff's job performance was acceptable. Yet he fired Plaintiff anyway, instead electing to keep deputies like Ray Swindoll, who has been convicted of a serious crime.

4. While employed as a Deputy Sheriff, he was a canine officer. He was not paid for time spent caring for the dog.

5. Plaintiff spent at least one hour per day caring for the dog, for which he was not paid. Plaintiff was denied overtime pay for this work.

6. Plaintiff decided to pursue a lawsuit against the Defendant for overtime and retained a lawyer.

7. Plaintiff's lawyer contacted the county and began negotiations.

8. Eventually, the County offered five thousand dollars.

9. Plaintiff declined that offer, but reached an agreement with Defendant and Henry Boyce to settle his claim in return for employment with the DTF. Plaintiff agreed to pay his lawyer and discontinue his pursuit of canine benefits in return for a job.

10. Henry Boyce refused to employ Plaintiff as a DTF agent because he thought Plaintiff had filed a lawsuit or made a claim.

11. Defendant's actions violate Plaintiffs' First Amendment rights, as well as Plaintiff's right to remonstrate under the Arkansas Constitution.

12. Defendant has hired lesser qualified Deputies only because they have not sued him or filed FLSA claim.

## COUNT I-RETALIATION/ABUSE OF PROCESS

13. Plaintiff re-alleges foregoing as if fully set out herein for retaliation under the ACRA, Section 1983, the FLSA, and the AMWA.

14. Defendant was a policymaker, acting under color of law. Defendant has violated Plaintiff's 1st amendment rights, as well as his rights under the ACRA.

15. By refusing to hire him, Defendant has violated Plaintiff's rights under the First Amendment and the Arkansas Constitution to file a lawsuit and pursue overtime claims under the FLSA and the AMWA. Defendant continues to give false and defamatory references to Plaintiff's prospective employers and to the persons in the community because he made a wage claim.

16. Defendant has now caused criminal charges to be filed against the Plaintiff because Plaintiff filed this lawsuit and committed an abuse of process.

17. Accordingly, Defendant retaliated against Plaintiff for exercising his right to retain counsel and file a lawsuit, as well as Plaintiff's exercise of the rights granted him under the FLSA and AMWA.

18. As direct and proximate cause of Defendants acts and omissions alleged herein, Plaintiff has lost wages, has lost fringe benefits, suffered severe mental and emotional distress, and incurred other damages in an amount to be proven at trial.

19. Defendant is a lawyer.

20. Defendant knew he could not refuse to hire Plaintiff because he exercised rights under the AMWA or the FLSA. Yet he knowingly and wilfully took this action anyway.

21. Defendant's actions have been so egregious so as to warrant the imposition of punitive and liquidated damages against the Defendants in their individual capacities.

## COUNT II-FLSA and AMWA

22. Plaintiff brings a FLSA and AMWA retaliation claim against Defendant in his official and individual capacity.

23. Defendant refused to hire Plaintiff or consider Plaintiff's application for employment because he believed Plaintiff had filed an overtime lawsuit or made a claim. This was a protected activity.

24. Defendant is a lawyer and knew by virtue of his legal training, that Plaintiff's right to file a lawsuit without fear of retaliation was clearly established.

25. While on call, Plaintiff was required to stay at home.

26. Consequently, Plaintiff worked more than 40 hours per week without receiving overtime. So, Plaintiff hired a lawyer and pursued a claim for overtime

27. Defendant's wilful actions have been so egregious so to warrant the imposition of liquidated damages.

WHEREFORE Plaintiff prays for appropriate compensatory, liquidated, and punitive damages exceeding $75,000.00, for a trial by jury, for reinstatement or front pay, for reasonable attorney's fees, for costs, for a Declaratory Judgment that Defendant has violated the law, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910 Office
501-315-1916 Facsimile
Attorney for the Plaintiff

By: /s/ Luther Oneal Sutter
Luther Oneal Sutter, AR Bar No. 95031
luthersutter.law@gmail.com