# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

BLAKE LISCOMB                                                                                    PLAINTIFF

v.                                    CASE NO. 3:17-CV-00036 BSM

HENRY BOYCE, et al.                                                                          DEFENDANTS

## ORDER

Defendants' motions to dismiss [Doc. Nos. 31, 36, 34] are granted. Defendant Boyce's motion for a protective order [Doc. No. 42] is denied as moot. Plaintiff Liscomb's motion to amend the amended complaint [Doc. No. 47] is denied as futile.

## I. BACKGROUND

Although the facts are somewhat difficult to understand, it appears that plaintiff Blake Liscomb, a former employee of the Lawrence County Sheriff's Office brings this lawsuit against defendants Henry Boyce, the Prosecuting Attorney for the Third Judicial District of Arkansas; Jeff Floyd; and Tony Anglin. Liscomb alleges that Boyce retaliated against him after Liscomb filed a lawsuit against the Sheriff's Office seeking overtime pay. Specifically, Liscomb claims that Boyce (1) prevented Liscomb from being hired for a position on the Drug Task Force, and (2) improperly filed criminal theft charges against Liscomb. Liscomb asserts that Floyd and Anglin conspired with Boyce to falsely implicate Liscomb in that criminal case. The facts, as alleged in the complaint, are as follows:

Liscomb was employed by the Sheriff's Office as a canine officer between March 2010 and August 2013. Two years after his termination in August 2013, Liscomb filed a

lawsuit against the Sheriff's Office and Lawrence County seeking overtime pay. *Liscomb v. Yates*, Case No. 3:15-CV-00280-JLH, ECF No. 1 (E.D. Ark. Sept. 11, 2015).

While the lawsuit was pending, Liscomb met with Boyce concerning a new position on the Drug Task Force. Boyce told Liscomb that if the overtime lawsuit against the county was dismissed, Liscomb would be hired for the position. Acting on this promise, Liscomb agreed to settle the case. Boyce, however, still refused to hire Liscomb after the settlement.

Boyce also charged Liscomb with criminal theft when an automotive transmission worth $1,200, belonging to defendant Floyd, was found in a car allegedly owned by Liscomb. Liscomb asserts that this criminal case was meritless and merely "an attempt to intimidate the Plaintiff from pursuing his claims, acting in concert with the Lawrence County Sheriff." Second Am. Compl., Doc. No. 28, ¶ 14. Boyce asked the state police to inform his current and prospective employers about the criminal charge and contacted the media to publish the charging instruments.

Moreover, defendants Floyd and Anglin conspired with Boyce to falsely implicate Liscomb in the theft. At Floyd's urging, Anglin trespassed on Liscomb's land to observe the allegedly stolen transmission and later "present[ed] false testimony simply to smear Plaintiff's name and his lawsuit" at Liscomb's trial. *Id.* at ¶ 59. Liscomb was ultimately acquitted.

Liscomb asserts that defendants violated a number of his constitutional and statutory rights, including those under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201, *et seq.*; the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. section 11-4-210,

*et seq.*; and the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. section 16-123-101, *et seq*. He further alleges that defendants conspired, in violation of 42 U.S.C. sections 1985 and 1986, to falsify testimony in a criminal proceeding. Liscomb also complains that defendants committed abuse of process, malicious prosecution, and trespass.

## II. LEGAL STANDARD

Rule 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, a complaint must allege sufficient facts to entitle the plaintiff to the relief sought. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Bell Atl. Corp. v. Twombly*, 55 U.S. 544 (2007). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Iqbal*, 556 U.S. at 663. In ruling on a motion to dismiss, all well-plead allegations in the complaint must be accepted as true and construed in the light most favorable to the plaintiff. *Id.*

Although Rule 15(a) provides a liberal standard for amending pleadings, denials of motions to amend are proper when the proposed amendments would be futile. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010). An amendment is futile if it could not survive a motion to dismiss, meaning it does not contain sufficient facts to state a plausible claim to relief. *See Iqbal*, 556 U.S. at 678.

## III. DISCUSSION

A.  Claims Against Boyce

At the outset, Liscomb seeks leave to amend his complaint [Doc. No. 47] to allege with greater specificity that Boyce's approval was necessary to be hired to the Drug Task Force. Even if Boyce had ultimate authority over hiring for the Drug Task Force, Liscomb's claims still cannot survive a motion to dismiss. Therefore, his motion to amend is denied as futile. *Iqbal*, 556 U.S. at 678.

*1. Due Process Claims and Section 1983*

Liscomb claims that Boyce intentionally damaged Liscomb's reputation in violation of Liscomb's procedural due process rights. Boyce instructed state police to inform Liscomb's prospective employers about the criminal theft charge, and Boyce personally delivered the charging instruments to the media and encouraged their publication. Further, Liscomb was denied a "name-clearing hearing" following his acquittal.

Damage to one's reputation, by itself, does not implicate a "liberty" or "property" interest protected by the Due Process Clause. *See Paul v. Davis*, 424 U.S. 693, 701 (1976) (holding that loss of reputation is insufficient to "invoke the procedural protection of the Due Process Clause"); *Gunderson v. Hvass*, 339 F.3d 639, 644 (8th Cir. 2003). Rather, "a loss of reputation must be coupled with some other tangible element in order to rise to the level of a protectible liberty interest." *Valmonte v. Bane*, 18 F.3d 992, 999 (2d Cir. 1994) (citing *Paul*, 424 U.S. at 693). One must demonstrate some kind of "stigma," *Bohn v. County of Dakota*, 772 F.2d 1433, 1436 n. 4 (8th Cir. 1985), cert. denied, 475 U.S. 1014 (1986), and a "plus factor." *Valmonte*, 18 F.3d at 999; *Jones v. McNeese*, 746 F.3d 887 (8th Cir. 2014).

Taking as true Liscomb's allegations about the "stigma" of a pending criminal charge,

4

the facts, as pled, do not demonstrate a "plus factor." Although the complaint is somewhat unclear, it appears that Liscomb was already terminated from his position at the Sheriff's Office before any criminal charge was filed. He was, at the time, merely seeking future government employment with the Drug Task Force. Therefore, the publicizing of Liscomb's criminal charges did not implicate a property or liberty interest Liscomb actually held in a government position. His claim is, therefore, based solely on the damage to his reputation, which is legally insufficient to state a procedural due process violation through section 1983. *See*, *e.g.*, *Paul*, 424 U.S. at 701.

Liscomb also complains that he was improperly denied a "name-clearing hearing" following his acquittal. Second Am. Compl. ¶ 51. This claim must also be dismissed. "Defaming a governmental employee's reputation, good name, honor, or integrity in connection with terminating the employee, without giving the employee a name-clearing hearing, is a deprivation of the employee's constitutionally protected liberty interest." *Brown v. Simmons*, 478 F.3d 922, 923 (8th Cir. 2007). Again, however, Liscomb was not a government employee at the time he sought such a "name-clearing hearing," nor is it alleged that he was fired from the Sheriff's Office because of the criminal theft charges. For these reasons, Liscomb's constitutional claims are dismissed.

### 2. FLSA Claims

Liscomb's claims under the FLSA, which are unclear and inconsistent, are dismissed. In his complaint, plaintiff appears to seek damages for lost wages and fringe benefits and "the imposition of liquidated damages." Second Am. Compl. ¶ 39. In responding to Boyce's

5

motion to dismiss, however, plaintiff represents that he does not seek overtime claims against Boyce nor is he bringing damages at law against Boyce in his official or personal capacity. Resp. Mot. Dismiss, Doc. No. 40, ¶¶ 1, 3. Rather, Liscomb seeks declaratory and injunctive relief for retaliation under the FLSA in Boyce's official capacity.

The facts, as pled, do not give rise to a cause of action under the anti-retaliation provisions of the FLSA. Section 15(a)(3) of the FLSA prohibits any "person" from "discharg[ing] or in any other manner discriminat[ing] against any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this Act." 29 U.S.C. §215(a)(3). While section 15(a)(3) may cover situations in which there is no current employment relationship between the parties, the statute requires at least some prior employment relationship for the anti-retaliation provisions to apply. *See*, *e.g.*, *Dellinger v. Science Applications Intern. Corp.*, 649 F.3d 226, 230-32 (4th Cir. 2011) (declining to extend FLSA's anti-retaliation provisions to applicants or prospective employees); *Harper v. San Luis Valley Regional Medical Center*, 848 F. Supp. 911, 913-14 (D. Colo. 1994).

Here, even assuming that Boyce is an employer covered by the FLSA and suits against him are not barred by sovereign immunity, Liscomb was never employed by Boyce, and his complaint fails to allege a current or prior employment relationship. Therefore, Liscomb is not covered by the anti-retaliation provisions of the FLSA on his failure to hire theory. His FLSA claim is dismissed.

### 3. ACRA Claims

Liscomb's claim for injunctive relief under ACRA is dismissed. Sovereign immunity

bars the federal courts from granting injunctive relief where a plaintiff seeks an order compelling a state official to comply with state law. *See, e.g., Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 124–25 (1984) ("federal courts [lack] jurisdiction to enjoin ... state institutions and state officials on the basis of ... state law."); *Association for Retarded Citizens of North Dakota v. Sinner*, 942 F.2d 1235, 1240 (8th Cir. 1991).

Similarly, sovereign immunity prohibits any suit for damages against Boyce, in his official capacity, under ARCA. ARCA does not abrogate Arkansas's sovereign immunity. Ark. Code Ann. § 16-123-104 ("Nothing in this subchapter shall be construed to waive the sovereign immunity of the State of Arkansas."). Unless the state validly consents to suit or otherwise waives its sovereign immunity, any claim for monetary relief is barred under the Eleventh Amendment. *See*, *e.g.*, *Edelman v. Jordan*, 415 U.S. 651 (1974).

### *4. AMWA Claims*

Liscomb's claim under AMWA is dismissed because AMWA has no private cause of action for retaliation. Section 11-4-218 sets forth an employee's remedies for violations of the Act. The only private lawsuits permitted under the statute are for payment of minimum or overtime wages. Ark. Code Ann. § 11-4-218(e)(1) (permitting a private suit by an employee "if the employer pays the employee less than the minimum wages, including overtime wages, to which the employee is entitled."). AMWA requires that the Director of the Arkansas Department of Labor investigate and impose civil penalties in all other cases, including retaliation. Moreover, Liscomb's reliance on *Sterling Drug, Inc. v. Oxford*, 743 S.W.2d 380 (Ark. 1988), is wholly inapplicable to his AMWA claim. *Sterling Drug, Inc.* is

not a case brought under AMWA.

*5. Abuse of Process, Malicious Prosecution, and Section 1985 Conspiracy*

Liscomb's claims for abuse of process, malicious prosecution, and section 1985 conspiracy against Boyce are also dismissed. Boyce enjoys absolute immunity as a prosecutor. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Allegations that criminal charges are brought against a defendant for improper purposes are insufficient to defeat absolute prosecutorial immunity. *See Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006) (noting that absolute immunity "is not defeated by allegations of malice, vindictiveness, or self-interest"); *Saterdalen v. Spencer*, 725 F.3d 838 (8th Cir. 2013) (holding that prosecutions initiated for improper reasons do not defeat prosecutor's immunity); *Snelling v. Westhoff*, 972 F.2d 199 (8th Cir. 1992) (dismissing a section 1985 conspiracy claim against a prosecutor on the grounds of absolute immunity). Therefore, an abuse of process, malicious process, or 1985 claim against Boyce in his personal capacity, on the grounds that Boyce retaliated against Liscomb by filing a criminal complaint, must be dismissed as Boyce is immune from suit. *See also Newton v. Etoch*, 965 S.W.2d 96, 103 (Ark. 1998) ("Ordinarily, we would deem a prosecutor to be immune absolutely from claims of malicious prosecution or abuse of process.").

B. <u>Claims Against Floyd and Anglin</u>

*1. Section 1985 Conspiracy*

Liscomb's complaint lacks sufficient factual detail to plead a section 1985 conspiracy, and it is therefore dismissed. Though a complaint need not plead detailed facts, mere

8

recitations of a cause of action coupled with conclusory statements are insufficient to survive a motion to dismiss. *Iqbal*, 556 U.S. at 663. Instead, a complaint must plead sufficient facts such that the allegations are "plausible," and not merely "possible." *Twombly*, 550 U.S. at 556-57.

Liscomb's complaint is largely conclusory. It attempts to infer a conspiracy by merely suggesting that "Anglin and Floyd knew that defendant was hostile to Plaintiff because he had filed a lawsuit." Second Am. Compl. ¶54. This is insufficient to state a "plausible" claim. Indeed, *Twombly*, a case involving an alleged conspiracy brought under the Sherman Antitrust Act, requires more than just facts that are consistent with a conspiratorial agreement. *Twombly*, 550 U.S. at 557. The mere recitation that defendants conspired together and the assertion that Floyd and Anglin knew of Boyce's hostility towards Liscomb, while perhaps consistent with a conspiratorial agreement, does not "plausibly" suggest an actual conspiracy among the defendants.

## 2. *Abuse of Process, Malicious Prosecution, and Trespass*

Because all federal question claims have been dismissed, the remaining state law claims brought under supplemental jurisdiction are dismissed, *sua sponte*, for lack of subject matter jurisdiction. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966).

## IV. CONCLUSION

For the reasons set forth above, Boyce's motion to dismiss [Doc. No. 36], Anglin's motion to dismiss [Doc. No. 31], and Floyd's motion to dismiss [Doc. No. 34] are granted. Boyce's motion for a protective order [Doc. No. 42] is denied as moot. Plaintiff's second

9

motion to amend the amended complaint [Doc. No. 47] is denied as futile.  The case is dismissed with prejudice, except as to Liscomb's claims against Anglin and Floyd under Arkansas law.

IT IS SO ORDERED this 9th day of January 2018.

                                                                           _____
                                                                           UNITED STATES DISTRICT JUDGE